IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**JOHN ANTHONY LOTT,**

**Defendant.**                                                          No. 03-CR-30206-DRH

## ORDER

**HERNDON, Chief Judge:**

Pending before the Court are Lott's pro se motions to file in forma pauperis (Doc. 76); to obtain 5K1 (Doc. 77) and to obtain a Rule 35 (Doc. 78). Based on the following, the Court dismisses the motions for want of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. The following post-judgment motions are allowed if timely filed. Under **Federal Rule of Criminal Procedure 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a **Rule 33** motion for new trial based on new evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under **28 U.S.C. § 2255** which has a 1 year statute of limitations.

Here, the Court cannot consider Lott's motions. **Rule 35** is inapplicable because this motion is brought over 2 and ½ half years *after* the imposition of sentence (Lott was sentenced on March 4, 2005); it does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the *Government* has not filed a motion to reduce.  Likewise, **Rule 33** does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Lott could bring this motion is a **§ 2255** collateral attack.  Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255.  ***See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000)**.  After reviewing the pleadings, it is clear that Lott is not intending to pursue a collateral attack.  Because the Court finds that Lott's motions do not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motions.

Accordingly, the Court dismisses for want of jurisdiction Lott's motions to file in forma pauperis (Doc. 76); to obtain 5K1 (Doc. 77) and to obtain a Rule 35 (Doc. 78).

**IT IS SO ORDERED.**

Signed this 16th day of November, 2007.

/s/      DavidRHerndon
Chief Judge
United   States   District   Court