**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**JOHN ANTHONY LOTT,**

**Defendant.**                                    **No. 03-CR-30206-DRH**

## <u>ORDER</u>

**HERNDON, Chief Judge:**

Now before the Court are Lott's motion to file in forma pauperis (Doc. 81) and motion to appoint counsel (Doc. 87). Based on the following, the Court denies both motions. Lott is appealing this Court's November 16. 2007 Order dismissing for want of jurisdiction Lott's motions to file in forma pauperis (Doc. 76); to obtain 5K1 (Doc. 77); and to obtain a Rule 35 (Doc. 78) (Doc. 79).

**28 U.S.C. § 1915(a)(1)** provides that a federal district court may authorize a prisoner to commence a criminal appeal without prepayment of fees if he submits an affidavit that includes a statement of all assets he possesses and shows that he is unable to pay fees or give security for the appeal. The affidavit also must also state the nature of the appeal and the affiant's belief that he is entitled to redress.[1]

---

[1]Section 1915(a)(2) delineates additional requirements for prisoners filing civil cases or civil appeals, but those provisions are inapplicable for this criminal case.

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file the motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the parties intends to present on appeal.

FED. R. APP. P. 24(a). A party may not proceed *in forma pauperis* if the district court certifies that the appeal "is not taken in good faith." **28 U.S.C. § 1915(a)(3);**FED. R. APP. P. 24(a).

Here, Lott's motion clearly is insufficient.[2] While he has supplied his prison trust account showing his indigence, he has not provided the Court with the required affidavit nor shown the details required by Form 4 of the Appendix of Forms. Moreover, his motion is silent as to the issues he intends to present on appeal and why he claims that he is entitled to redress. Based on these insufficiencies, the Court must deny Lott's pro se motion to proceed on appeal in forma pauperis (Doc. 81). Pursuant to **FED. R. APP. P. 24**, Lott should refile his motion with the Seventh Circuit Court of Appeals.

Also, the Court denies Lott's request for an attorney (Doc. 87).[3] This motion is more properly directed to the Seventh Circuit Court of Appeals. Lott

---

[2]His motion merely states: "<u>Motion to File in forma Pauperis</u> I request to file this appeal in Forma Pauperis, being indigent. Thank you" Attached to the motion is his prison trust fund account. Further, the pleading does not contain a case number.

[3]The Court construes this pleading as a motion to appoint counsel on appeal. Again, this pleading does not contain a case number. The pleading is addressed to Judge G. Patrick Murphy and states that he has enclosed a copy of his trust fund account and that he would like "attorney to help me because I'm severely ignorant when it comes to the law." (Doc. 87.)

should refile this motion with the Seventh Circuit Court of Appeals.

**IT IS SO ORDERED.**

Signed this 29th day of January, 2008.

/s/    David R Herndon

Chief Judge
United   States   District   Court